UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| K.S., <br><br> Plaintiff <br><br> vs. <br><br> THALES USA, INC. and CARE FIRST BLUE CROSS BLUE SHIELD, <br><br> Defendants | Civil Action No. 3:17-cv-07489 <br><br> *Document Electronically Filed* <br><br> **SECOND AMENDED COMPLAINT** |

Plaintiff, K. S. (hereinafter "Plaintiff" or "K.S."), by and through her attorneys, Maggs & McDermott, LLC, complains of the defendants identified above, and hereby alleges as follows:

1. Plaintiff, at all relevant times herein, resided at 261 Michael Road, Honey Brook, Pennsylvania.

2. Defendant, Care First Blue Cross Blue Shield ("Care First"), is an insurance and healthcare claims administration company which maintains its corporate offices at 1501 South Clinton Street, Baltimore, Maryland.

3. Thales USA, Inc. ("Thales") is a corporation headquartered at 2733 Crystal Drive, Arlington, Virginia.

## JURISDICTION AND VENUE

4. The Plaintiff's claims are brought pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA") as a plan enforcement action under 29 U.S.C. § 1132(a)(1)(B).

5. Jurisdiction is proper under 28 U.S.C. § 1331.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391, as all Defendants conduct a substantial amount of business in the District of New Jersey. Venue is also appropriate in this Court because a substantial part of the events or omissions giving rise to the Plaintiff's claims against Defendants occurred in the District of New Jersey. Specifically, this case concerns medical services that were provided to Plaintiff within the district.

## FACTUAL ALLEGATIONS

7. At all times relevant herein, Plaintiff was a participant or beneficiary of an employee group health plan sponsored by Thales (the "Plan").

8. Thales contracted with CareFirst to administer the Plan.

9. On February 6, 2015, the Plaintiff underwent surgery in Toms River, New Jersey, performed by Russell Ashinoff, M.D. ("Dr. Ashinoff") of The Plastic Surgery Center, P.A. ("TPSC").

10. TPSC is not under contract with Care First and, therefore, except as set forth otherwise herein, is treated as a "non-preferred health care provider" as that term is defined on page 4, Section 2(a) of the Plan.

11. TPSC submitted a standard bill for health care services in the amount of $104,968 to Care First for the surgery provided to Plaintiff.

12. On March 12, 2015, Care First denied any payment for the February 6, 2015 surgery.

13. On April 9, 2015, TPSC, on behalf of Plaintiff, instituted an internal appeal under the terms of the Plan.

14. On or about May 22, 2015, Care First issued a decision which reversed Care First's earlier denial of any payment and determined that the Plan required reimbursement "at the in-network benefit level." Care First subsequently made payment to TPSC in the amount of

$10,483.62, representing payment at what Care First represented was the "in-network benefit level." This payment equals approximately 9.98% of the charges for the February 6, 2015 surgery.

15. Plaintiff has exhausted the internal appeal requirements of the Plan and Care First has written to Plaintiff that it "may pursue any available remedies under §502(a) of ERISA."

16. Pursuant to the Plan at page 32, Section (B), Dr. Sumy Chang, who is a Preferred Provider under the Plan, referred K.S. to Dr. Ashinoff who is a specialist as defined by the Plan at page 32 at Section (C)(2).

17. Under the Plan at page 32, Section C(2), the referral to Dr. Ashinoff is appropriate because Care First cannot provide K.S. with a Preferred Provider with the specialized health care services to treat her condition.

18. Services provided by a specialist who is not a Preferred Provider to a member will be treated as if the services were provided by a Preferred Health Care Provider. (Plan at page 32, Section (3)).

19. Covered Services received by K.S. under a referral will be paid at an "in network rate" applicable to Preferred Health Care Providers under the Plan pursuant to Page 32, Section (B).

20. The Allowed Benefit for a Covered Service provided by a Preferred Health Care Provider "is the lesser of the actual charge . . . or the amount that Care First allows for the service." (Plan at page 4, Section (1)).

21. Upon information and belief, the amount that Care First allows for the service is the reasonable and customary amount for the service in the geographical area wherein TPSC practices and cannot be an unreasonable, arbitrary, or capricious amount.

22. As specialists under the Plan, Dr. Ashinoff and TPSC are entitled to be paid as a Preferred Health Care Providers for the services provided to K.S.

23. K.S. is entitled to be reimbursed under the Plan for the services provided by TPSC based on the Allowed Benefit for a Covered Service provided by a Preferred Health Care Provider.

24. Alternatively, pursuant to the Plan at page 4, Section (2)(a), Dr. Ashinoff and TPSC are entitled to be paid as Non-Preferred Health Care Providers for the services provided to K.S.

25. The Allowed Benefit for a Covered Service provided by a Non-Preferred Health Care Provider is "the lesser of the provider's actual charge or established fee schedule." (Plan at page 4, Section 2(a)).

26. K.S. is entitled to be reimbursed under the Plan for the services provided by TPSC based on the Allowed Benefit for a Covered Service provided by a Non-Preferred Health Care Provider.

27. The Department of Labor, at 29 C.F.R. § 2590.715-2719 *et seq.*, has issued regulations mandating the requirements of the internal claims and appeals processes for self-funded employee group health plans, like the Plan in this case. These regulations require, among other things, that group health plans comply with 29 C.F.R. 2560.503–1 *et seq.*

28. The Plan failed to strictly adhere to the applicable regulatory internal claims and appeals requirements, including but not limited to, by failing to offer a free copy to Plaintiff of the "in network" benefit schedule it relied upon in deciding the appeal (29 C.F.R.2560.503–1(g)(v)(A)).

29. The medical services provided by TPSC to Plaintiff were medically necessary.

## COUNT ONE
### (ERISA Claim For Benefits, 29 U.S.C. § 1132(a)(1)(B))

30. Plaintiff repeats the foregoing paragraphs as if the same were set forth at length herein.

31. The Plaintiff is entitled to recover further reimbursement from the Plan for the surgery performed on February 6, 2015 either at the rate paid to a Preferred Provider as an Allowed Benefit for a Covered Service or at a rate paid to a Non-Preferred Provider as an Allowed Benefit for a Covered Service.

32. Based on the appeal, Care First determined that the amount to that Plaintiff is entitled to be reimbursed and the amount that TPSC is entitled to be paid is $10,483.62.

33. Care First has not provided K.S. or TPSC with any information other than a bottom-line amount as to what Care First reimbursed Plaintiff or paid TPSC as the Allowed Benefit.

34. The amount of the payment does not equal the Allowed Benefit because: (a) it is not the amount of the actual charge by TPSC; and (b) it is not the amount that Care First allows for the service.

35. By way of example and not limitation regarding the payment of an Allowed Benefit, Plaintiff also underwent a related surgery on November 5, 2014 with TPSC, for which the Plan reimbursed TPSC 41.9% of its total charges.

36. The amount of the reimbursement/payment as the Allowed Benefit is not authorized, supported, or proper under the Plan and is based on an arbitrary, capricious, and unreasonable calculation.

37. Care First is required to provide K.S. with information regarding how the Allowed Benefit was calculated.

38. As a direct and proximate result of the aforesaid conduct of the Defendants, the Plaintiff has been damaged in an amount equal to the amount of the benefits which the Plaintiff

should have received under the terms of the Plan. In addition, the Plaintiff is entitled to damages, pre-judgment interest at the appropriate rate, plus attorney's fees and costs pursuant to 29 U.S.C. § 1132(g)(i).

**WHEREFORE**, Plaintiff respectfully demands judgment against the Defendants for benefits due under the Plan and ordering Defendants to pay benefits under the Plan together with damages plus pre-judgment interest, cost of suit, attorneys fees and other relief that the Court determines to be equitable and just.

By: *[signature]*

**Michael M. DiCicco, Esquire**
MAGGS & McDERMOTT, LLC
Allaire Corporate Center
3349 Highway 138
Building C, Suite D
Wall, NJ   07719
(732) 223-9870
*Attorneys for Plaintiff*
Our File Number:        3329.0126

Dated: May 29, 2019

## DECLARATION PURSUANT TO L. Civ. R. 11.2

I hereby declare under penalty of perjury pursuant to 28 U.S.C. 1746 that insofar as the undersigned is aware, and other than as stated above, the matter in controversy is not the subject of any other action pending in any Court or arbitration proceeding, nor is the same contemplated

MICHAEL M. DiCICCO

## DECLARATION OF SERVICE AND FILING

I declare under penalty of perjury that on May 29, 2019, I caused the within Second Amended Complaint, along with a Civil Cover Sheet, on the Plaintiff's behalf to be filed with the Clerk of the United States District Court for the District of New Jersey by means of the Court's electronic filing system and I tendered payment of the appropriate fee.

I declare under penalty of perjury pursuant to 28 U.S.C. 1746 that the foregoing statements that I have made are true, and I am aware that if they are willingly false, I am subject to punishment.

Dated: May 29, 2019

MICHAEL M. DiCICCO